Judge Robertson
delivered the opinion of the Court.
The only question presented in this case, is, whether a purchaser of land on a credit, at a sheriffs sale, under a regular execution, can be entitled to a quashal of his sale bond, because it was not signed by his security. 0 ,
. We consider this as a clear proposition. The bond is not void. It was executed voluntarily and for a valuable and legal consideration, by one competent to bind himself. He has, therefore, bound himself and cannot be released, because he did not involve a security.
The creditor might object to the bond, because he had a right to security. Security is required for his benefit alone. We ' are inclined, therefore, to think that the bond was a valid statutory bond, and that, consequently, execution'might issue upon it. But if it were not good, as a statutory bond, surely it is a binding common law obligation. And considered as such, it would have been wrong to quash it. For by quashing it, the creditor would be prevented from maintaining any action on it. Fant and Catlet, vs. Wilson,III. Monroe, 342.
And if it had even been right to quash the bond, on the obligor’s motion, it ought not to have been done, without quashing the sale. It would be flagrantly unjust, to permit Gilchrist to retain the proceeds of his purchase, and be exempt from the payment of the price.
As the circuit court refused to quash the bond, the judgment is affirmed with costs and damages.